T.C. Summary Opinion 2012-10

UNITED STATES TAX COURT

KEVIN ALLEN HUDGINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27783-10S.                    Filed January 30, 2012.

Kevin Allen Hudgins, pro se.

<u>Anita A. Gill</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue,

and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent originally determined a deficiency in petitioner's Federal income tax of $4,875 for 2009.  Respondent asserted an increase in the deficiency at the trial of this case and subsequently filed a motion to amend the pleadings to conform to the evidence.  That motion, asserting an increased deficiency of $13,415, was granted by the Court.

The issues for decision[1] are whether petitioner:  (a) Had unreported income of $49,801; (b) is entitled to deductions for two dependency exemptions; (c) is entitled to head of household filing status; (d) is entitled to the earned income credit; and (e) is entitled to the additional child tax credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference.  Petitioner resided in Ohio when the petition was filed.

## Background

Petitioner timely filed his Federal income tax return for 2009 using head of household filing status.  Petitioner reported wages and gross income of $9,642.  He claimed deductions for

---

[1]Respondent's pretrial memorandum states that the accuracy-related penalty under sec. 6662(a) is at issue, but it was not the subject of a determination in the notice of deficiency, nor was it included in respondent's motion asserting an increased deficiency.

dependency exemptions for MB and KC[2] who he claimed are his grandchildren.  Petitioner was married during 2009.  One of the children is the granddaughter of his wife, and the other is his wife's nephew.

In addition to the wages reported on petitioner's income tax return for 2009, the parties agree that petitioner received $9,522 from SCMS Administrative Services, Inc., as short-term disability compensation and $27,541.97 from General Motors, LLC, as wages.  Additionally, the Ohio Department of Job and Family Services (Family Services) reported on Form 1099-G, Certain Government Payments, that it paid petitioner $12,171 in 2009.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  As petitioner did not argue or prove that the requirements of section 7491(a) have been met, the burden of proof does not shift to respondent.

---

[2]The Court redacts the names of minor children.  See Rule 27(a)(3).

Unreported Unemployment Compensation

The only unreported income issue about which petitioner raised an objection was the amount reported on the Form 1099-G. If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and he has fully cooperated[3] with the Commissioner, the Commissioner will have the burden of producing reasonable and probative information concerning the item of income in addition to the information return. Sec. 6201(d). Moreover, because respondent's motion to amend the pleadings to conform to the evidence, encompassing the allegation of unreported unemployment compensation, raises an increased deficiency, respondent bears the burden of persuasion on the unemployment compensation. See Rule 142(a)(1).

Petitioner testified that he was "laid off for two months." And he questioned: "How could I draw that type of money in two months?" He testified that he had a note from his job stating how long he was out of work, but he did not bring it with him to the trial.

To meet his burden of producing evidence under section 6201(d), respondent introduced into evidence, in addition to the Form 1099-G, a copy of the "Continued Claim/Benefit Payment

---

[3]Although respondent represents that petitioner failed to participate in scheduled Appeals conferences, there is no evidence that petitioner failed to cooperate fully.

Summary" (CCBPS) maintained by Family Services pertaining to petitioner. The records show "GAP" or gross amount paid, "CSI" or child support withheld, "OP" or overpayment, and "FAC" or "Federal additional compensation".[4] According to the records of Family Services, petitioner was paid certain unemployment benefits from January through July 2009, and FAC payments were paid through August 2009.

Petitioner testified that "I never received those checks" because he was "back at work." Petitioner, however, did admit that for 2 months he received a check every other week for a little over $600. He added that "I pay child support". After child support was withheld, he testified, "I think I got a little over $600.00."

The CCBPS shows that petitioner was paid weekly and generally received GAP of $452 plus FAC of $25 and CSI of $226. It appears from the record, however, that petitioner was paid an amount in excess of child support and FAC for only 11 weeks because he had been "overpaid". Attached to the CCBPS is an "Overpayment Summary" and a "Claim Summary". The CCBPS shows entries for 15 weeks of "Denied/Overpaid" with respect to the GAP of $452 which totals $6,780.

---

[4]There is a notation on the CCBPS that the FAC entries were $25 per week.

According to the Claim Summary, petitioner was paid $4,972 in unemployment benefits and $250 of FAC. The $4,972 equals 11 times $452. When $4,972 in unemployment benefits is added to the $6,780 denied/overpayment amount and $250 of FAC, the sum is $12,002, an amount that comports with the Form 1099-G.

There is no legal or factual explanation, however, for including in income for 2009 amounts that were "denied" to petitioner in 2009 because of overpayments. The Overpayment Summary shows amounts for "Fraud" and "Non-Fraud" with respect to December 2007 and for the period between February and August 2009. It appears from the Overpayment Summary that petitioner may have received unemployment benefits in at least 1 year before the year at issue. The Court cannot determine the temporal or numerical relationship between the amounts shown as denied on the CCBS and the amounts shown on the Overpayment Summary, the Claim Summary, and the Form 1099-G.

It was respondent's burden to show that petitioner received the $12,171 reported on the Form 1099-G. Respondent has failed to persuade the Court that petitioner received in 2009 more than 11 payments of $452 plus FAC of $250, or $5,222.

The Court finds that petitioner received $5,222 from Family Services that was not reported in income for 2009.

Dependency Exemption Deductions

Petitioner claimed deductions for two dependency exemptions for 2009, which respondent disallowed in the notice of deficiency. Section 151 allows deduction of an exemption amount for each dependent as defined in section 152. Sec. 151(c). Section 152(a) provides that a dependent means a "qualifying child" or a "qualifying relative". As relevant here, section 152(c) defines a qualifying child as an individual: (1) Who bears a relationship to the taxpayer, such as a grandchild or nephew of the taxpayer; (2) who has the same principal place of abode as the taxpayer for more than one-half of the tax year; (3) who has not attained the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year; and (4) who has not provided over one-half of such individual's own support for the calendar year in which the tax year of the taxpayer begins. Petitioner agrees that he is not related to the children. The children are not his qualifying children. The Court considers next whether the children are his qualifying relatives under section 152(d).

In pertinent part section 152(d) provides that an individual is a qualifying relative of the taxpayer if: (1) That individual has the same principal place of abode as the taxpayer and is a member of the taxpayer's household; (2) the taxpayer provides over one-half of the individual's support for that year; and (3)

that individual is not the qualifying child of the taxpayer or of any other taxpayer for that year.  Sec. 152(d)(1), (2)(H).

Respondent concedes that petitioner's wife's grandchild resided with petitioner and his wife.  But petitioner offered no evidence on the other requirements of section 152(d) with respect to the grandchild and no evidence at all on any of the requirements with respect to the nephew.

The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for 2009.

Head of Household Filing Status

Petitioner filed as "head of household" for 2009.  In the notice of deficiency, respondent determined petitioner's proper filing status to be married filing separately.

Section 1(b) imposes a special tax rate on individuals filing as heads of household.  A head of household is defined in section 2(b) as an individual who is not married at the close of the taxable year and who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode for a qualifying child or an individual for whom he is entitled to a deduction under section 151.  Sec. 2(b)(1)(A)(i).

Petitioner was married at the end of the taxable year, and the Court has found that he had no qualifying children and no

dependents. Therefore, respondent's determination on this issue is sustained.

Earned Income Credit

Petitioner claimed an earned income credit for taxable year 2009 as an individual with two qualifying children. Respondent determined that petitioner is not entitled to the earned income credit for 2009.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit that are based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children. The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3). The Court has determined that petitioner had no qualifying children for 2009.

Further, a married individual, as defined in section 7703, will qualify for the credit only if a joint return is filed for the taxable year. Sec. 32(d). As petitioner did not file a joint return, he is not entitled to claim an earned income credit. Even if he had filed a joint return, he would not be entitled to the credit as his adjusted gross income is above the level for which any credit is allowed. See Rev. Proc. 2009-21, sec. 3.06, 2009-16 I.R.B. 860.

Accordingly, petitioner is not eligible for an earned income credit. Respondent's determination on this issue is sustained.

Additional Child Tax Credit

For 2009 petitioner did not claim a child tax credit, but he claimed an "additional child tax credit" of $996. Respondent determined that petitioner is not entitled to an additional child tax credit.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer for whom he is allowed a deduction under section 151. The term "qualifying child" is defined in section 24(c). A qualifying child means a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17 as of the close of the taxable year. Sec. 24(c)(1). Because petitioner has not shown that he is entitled to a deduction under section 151 for a qualifying child as described in section 152(c), he is not entitled to a child tax credit.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year. See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child

tax credit may be refundable as an "additional child tax credit" under section 24(d)(1).  Because petitioner is not entitled to a child tax credit, he is not entitled to an additional child tax credit.

To reflect the foregoing,

Decision will be entered under Rule 155.